The Farmers' and Merchants' Bank of Lineville v. Wasson.

---

THE FARMERS' & MERCHANTS' BANK OF LINEVILLE v. WASSON.

1. **Corporation: STOCK: TRANSFER OF.** A by-law of a corporation which provides that transfers of stock shall not be valid unless approved by the board of directors, while it may be enforced as a reasonable regulation for the protection of the corporation against worthless stockholders, cannot be made available to defeat the rights of third persons.

2. **——: ——: LIEN UPON.** In the absence of a contract or provisions of its charter or by-laws to that effect, a corporation has no lien upon its shares in the hands of a stockholder to secure indebtedness from the stockholder to the corporation.

3. ———: BANK: DUTY OF OFFICER. The president of a bank, who was surety upon the note of a stockholder, took an assignment of the stock of the latter in the bank to secure himself against loss. The stockholder was at the time also a debtor of the bank and in failing circumstances : *Held*, that in the absence of fraud or concealment on the part of the president, there was nothing in the transaction inconsistent with the faithful performance of his duty as an officer of the bank, or that would give the bank a claim in equity to the benefit of the security.

### *Appeal from Wayne Circuit Court.*

### SATURDAY, APRIL 20.

THE plaintiff instituted an action at law against H. W. Wilson, and caused an attachment to issue therein, and process of garnishment to be served upon defendant, Wasson. The foundation of the action against Wilson was a promissory note given plaintiff for money borrowed and an account for an over-draft.

The defendant, in the proceedings of garnishment, is sought to be charged on account of certain stock of the bank owned by Wilson, as it is alleged, to which Wasson sets up a claim as the assignee thereof. The cause was finally regarded as a chancery proceeding and tried as such. By the final decree of the court it was held that the stock, fifty shares, claimed by the defendant, was held by him subject to the attachment and judgment of plaintiff, and judgment for the value thereof, three thousand three hundred and twenty-three dollars and ninety-five cents, was rendered against defendant. He appeals from the decree to this court.

*J. W. Freeland,* for appellant.

*Vermillion & Haynes,* for appellee.

BECK, J.—I.  Reference need not be made to the form of the proceedings, or to the allegations of the pleadings.  No objection is based upon such grounds.  The case is submitted to

us as a proceeding in chancery, triable here *de novo.* We will so consider it.

The facts are not intricate, and are subject to but little, if any, dispute, and may be briefly stated as follows:

At the time the indebtedness accrued, which is the foundation of the action wherein the process of garnishment was issued, Wilson was a stockholder and director of plaintiff, and Wasson, the defendant, was, and continued to be at the time the process was served upon him, a stockholder of the bank, and president of its board of directors.

Wilson became indebted to the bank for money borrowed, and for over-drafts. Wasson became his surety upon a note to another for another sum borrowed, and was secured by an assignment of the bank stock in question, which, however, was not made as provided for by the by-laws of the bank. It became known that Wilson was in failing circumstances; thereupon defendant obtained from him a transfer of the fifty shares of stock in controversy, under an arrangement that defendant should pay the debt for which he was surety. The transfer was made by assignment of the receipts given for the payments made upon the stock, and also by the execution of a separate instrument in sufficient form. The transaction was had in the banking house, in the presence of the cashier, and a memorandum of the transfer was made upon the proper book of the bank. There is no testimony establishing fraud on the part of the defendant. He became surety for Wilson, so far as the facts appear in the record, in the regular course of business. He practiced no concealment or artifice upon the other officers of the bank in any of the transactions. The object he had in view in taking the stock as security, and in its final purchase, was to protect himself as surety of Wilson. His good faith is not impugned by the testimony before us.

The articles of incorporation of plaintiff provide that no transfer of stock is valid, except as between the parties, until

it is entered upon the books of the bank; and a by-law further declares that, until approved and accepted by the board of directors, it is invalid. The transfer, as we have stated, was entered upon the proper book of the bank, but the directors refused to approve and accept it. Their refusal was expressed after the transactions between defendant and Wilson, and after the assignment had been executed.

Upon the foregoing facts, we are to determine whether defendant acquired property in the stock of Wilson by the assignment, and whether the transactions are of such a character as to create a liability on his part for the value of the stock.

II. The articles of incorporation and by-laws declare that no valid transfer of stock can be made until it is entered upon 1. CORPORA-     the books of the corporation. This restriction TION: stock: transfer of.     accords with the law of the State. Code, § 1078. But they also contain a further restriction, to the effect that the validity of a transfer depends upon the approval and acceptance of the board of directors of the bank.

These restrictions are intended for the benefit of the corporation, when its rights may be protected thereby, and to prevent the transfer of stock to irresponsible persons, which, if it should occur, would have the effect to impair the credit of the bank. The restriction first mentioned is necessary, in order that the officers of the corporation may know who are stockholders, which is essential in conducting elections of officers, and for other matters. It can never defeat the rights of other parties, and, in all cases, must be regarded as a reasonable requirement. This, if it were not—as it is— in accord with an express provision of the statute of the State, would demand that it be upheld by the courts.

.But the same things are not true of the other restriction. While it may be lawfully enforced to protect rights of the corporation, it cannot, in other cases, be exercised without limitation so as to defeat the rights of others. If the corporation has no rights to be protected by its exercise, and other parties

would be deprived of their property thereby, it cannot be enforced in such cases. Its enforcement would operate as an infringement upon the property rights of others, which the law will not permit. It would, besides, operate as a restraint upon the disposition of property in the stock of the corporation, in the nature of restraint of trade, which the courts will not tolerate. As the restriction is not imposed by express authority of the statute of the State, it cannot, in such cases, be enforced. These conclusions are supported by the following authorities: *Sargent v. Franklin Ins. Co.*, 8 Pick., 90; *Quiner v. Marblehead Ins. Co.*, 10 Mass., 476; Angell & Ames on Corporations, § 567; *United States v. Vaughan*, 3 Binn., 394; *Chambersburg Ins. Co. v. Smith*, 11 Pa. St., 120; *Chateau Springs Co. v. Harris*, 20 Mo., 382.

III. We will now inquire whether plaintiff had any right

2.——:——: to the stock in question, or lien thereon, which it
lien upon.
was necessary to protect and enforce by the provision of the by-law forbidding transfer of the stock without the assent of its directors.

It is not claimed that plaintiff held any interest in or right to the stock, under any contract, prior to the proceedings of garnishment. In the absence of a contract, its relation to the stock is that of a stranger. The stock is the exclusive, absolute property of the stockholder, and is held by him free from any claim or right of the corporation, in the absence of contract or provisions of the charter or by-laws creating such claim or right, which have not been shown to exist in this case.

In the absence of contract and provisions of the charter or by-laws, a corporation has no implied lien upon the shares of a stockholder indebted to it, to secure such indebtedness. *Mass. Iron Co. v. Hooper*, 7 Cush., 183; *Sargent v. Franklin Ins. Co.*, 8 Pick., 90; *Heart v. State Bank*, 2 Dev. Eq., 111; A. & A. on Corps., §§ 355, 569; *Dana v. Brown*, 1 J. J. Marsh., 304.

The Farmers' and Merchants' Bank of Lineville v. Wasson.

IV. We discover nothing in the case which, in equity, gives plaintiff a right to the stock in controversy superior to defendant, in view of the official and fiduciary relation held by defendant as president of the bank. We have remarked that the transactions whereby defendant became bound as surety of Wilson, and the stock was assigned as security to defendant, and finally transferred in payment of Wilson's debt, exhibit no circumstances which justify the conclusion that defendant practiced any fraud or concealment whereby plaintiff was induced to give credit to Wilson, or to refrain from an attempt to sieze the stock. Defendant in good faith became surety for Wilson. The case then stood in this way: Plaintiff and defendant were both creditors of Wilson. Defendant was an officer of plaintiff, but was not exclusively charged with the management of plaintiff's business. Indeed, it was principally conducted by the cashier, as to matters not controlled by the board of directors. The transfer of the stock to defendant was made with the knowledge of the cashier, who interposed no objection thereto, and no effort was made by him or any other officer of the bank to prevent it. Indeed, it is not shown that any intention or desire was entertained by any officer of the bank to subject in any manner the stock to pay the indebtedness of Wilson. It appears, however, to have been understood by all parties at the time that Wilson was in failing circumstances. No principle of equity or law required defendant to refrain from taking the stock in security or satisfaction of the debt for which he was bound, on the ground that he was an officer of plaintiff.

Wilson had the right fairly to prefer defendant in making payments of his indebtedness, and surely defendant had the right to accept such payment. The fiduciary relations of defendant toward the plaintiff, which, it may be conceded, demanded *uberrima fides* in the discharge of his duties, did not require him to sacrifice his own rights under contracts, or

*3. ———:*
*bank: duty of*
*officers.*

appropriate payments voluntarily made upon claims in his favor to indebtedness held by the bank.

The authorities cited by plaintiff's counsel to support their position, that defendant in equity could not accept payment from Wilson, and thereby defeat the right of the bank, are not applicable to the case made by the testimony. The rules recognized by them are applicable to purchases of property or other transactions whereby those discharging duties under fiduciary relations realize profits or benefits from the use of a trust fund. Equity holds the beneficiaries entitled to receive such profits or benefits.

V. The transfer of the stock to defendant did not conform to the requirements of the regulations adopted by the corporation upon that subject. We have seen that the by-law requiring the transfer to have the assent and approval of the directors cannot be enforced to defeat defendant's rights. Failure to follow other requirements of the charter or by-laws would not, in the absence of any rights to or lien upon the stock held by plaintiff, defeat defendant's right to hold the stock, and enforce a transfer in proper form. As between Wilson and defendant the transfer passed an equitable interest, at least, in the stock. As against Wilson this equity, it cannot be doubted, may be enforced, and a legal transfer based thereon may be obtained by defendant. The bank, as we have seen, having no lien upon or interest in the stock, can offer no obstacle to the enforcement of defendant's equitable rights. Defendant, therefore, must be regarded in equity as the owner of the stock. This doctrine, we think, is the undoubted rule of the authorities. See Angell & Ames on Corporations, §§ 354, 355, 356, and 575, and cases cited.

The foregoing discussion disposes of all questions arising in the case. The decree of the Circuit Court is reversed, and the cause is remanded for a decree in harmony with this decision.

                                                    REVERSED.