### PICALORA v. GULF CO-OPERATIVE CO.

(Supreme Court, Appellate Term. June 24, 1910.)

CORPORATIONS (§ 172*)—BY-LAWS—VALIDITY—WITHDRAWAL OF STOCKHOLDER.

A by-law of a domestic business corporation provided that a member who resigned was "entitled to his money back, the full amount he has paid in any single share, not before six months from the date the deposit was made, less the admission fee of the share that he continued to have for one year or more from the date of his admission; and the entire amount, less the admission fee, less 10 per cent. on those shares he still continues to possess for less than a year from the date of the admission." *Held*, that the by-law was invalid, as authorizing the corporation to reduce its capital stock by paying the part of the capital to a stockholder on his resignation; such payment being unauthorized by the stock corporation law.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 637–639; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Paolo Picalora against the Gulf Co-operative Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, GUY, and BIJUR, JJ.

John J. Freschi, for appellant.
Henry Lieb, for respondent.

PER CURIAM. The defendant is a domestic business corporation organized under the laws of this state. The plaintiff was one of its stockholders. Article 18 of the defendant's by-laws provides as follows:

"The member that resigns is entitled to his money back, the full amount that he has paid in any single share, not before six months from the date the deposit was made, less the admission fee of the share that he continues to have for one year or more from the date of his admission; and the entire amount, less the admission fee, less 10 per cent. on those shares that he still continues to possess for. less than a year from the date of the admission."

Basing his claim upon this by-law, the plaintiff sued to recover the purchase price of his stock. Serious errors were committed on the trial, which would of themselves be sufficient to require the reversal of this judgment. In our view of the case, the by-law upon which the plaintiff rests his claim is invalid, and it is therefore unnecessary to discuss the other assignments of error. The by-law in question assumed to authorize the defendant to pay a part of the capital of

the corporation to one of its stockholders, and to permit a reduction of the capital stock of the corporation upon the resignation of a member. The law of this state which prescribes the action which it is lawful for a corporation to take does not authorize the action contemplated by this by-law. The shares of a stock corporation are the property of its shareholders. The shareholders may dispose of their stock; but they cannot, strictly speaking, resign from the corporation. A by-law which assumes to make the capital stock of such a corporation dependent upon whether or not a shareholder "resigns" from the company, and permits the payment to the shareholder upon his resignation of the amount paid for the stock, is unauthorized by the stock corporation law of this state, and is invalid.

The judgment is reversed, and the complaint dismissed, with costs in this court, and in the court below.