IN RE TRANSFER OF STOCK OF MAGNETIC MANUFACTURING COMPANY: MAGNETIC MANUFACTURING COMPANY and another, Appellants, vs. MANEGOLD, Respondent.

*February 5—March 4, 1930.*

For the appellants the cause was submitted on the brief of *Edmund B. Shea* of Milwaukee.

For the respondent there was a brief by *Olwell & Brady* of Milwaukee, and oral argument by *Bernard V. Brady.*

FOWLER, J.   It is plain that only one sale of stock was made and that the by-law only deals with sales.   There never was but one owner of the stock, Manegold.   It is urged in defense that Manegold by concealing his ownership does not come into a court of equity with clean hands, and that under the rule of *Gloede v. Socha,* 199 Wis. 503, 226 N. W. 950, relief should be denied him.   This is a special proceeding under a statute, not a suit in equity.   But Manegold's conduct was not violative of any rights of the corporation.   He made no false representations, nor were any made by any one.   Coerper did not inform the corporation that he was not the owner, but this did not wrong the corporation.   Manegold's right to have the stock entered and the certificate issued in his own name and right had then fully accrued. The company could not then have refused to have the stock duly transferred to him.   It has been in no way misled or been led to take any course which it would not have taken had it been informed that Manegold owned the stock; nor has it been in any way injured or prejudiced.   Mere silence which has not resulted in prejudice or legal injury has never yet been held to bar one from relief.

It is also urged that the restriction of the by-law requiring offering for sale to the corporation applies to every transfer, by the last sentence of the by-law. But this restriction is on sales and cannot apply to mere transfers. If a stockholder desired to give his stock to a son without any consideration, must he first offer to give it to the corporation under the by-law? Manifestly the last sentence of the by-law refers only to transfers incident to sales.

If the restriction did apply to transfers other than on sale it could not operate here because the statute, sec. 183.14, provides that there shall be no restrictions on transfers of stock by any by-law unless the right of the corporation to the restriction shall be printed upon the certificate. The restriction here involved was not so printed. The restriction would not have bound Manegold had Kubitz not complied with the by-law. With greater reason it does not apply when he did comply with it.

*By the Court.*—The order appealed from is affirmed.