RYCHWALSKI, Plaintiff, vs. BARANOWSKI and others, imp.,
Defendants. [Cross-appeals.]

*March 11—June 12, 1931.*

For the plaintiff there were briefs by *Orth & Orth* of Milwaukee, and oral argument by *Chas. A. Orth.*

*Rudolph L. Forrer* of Milwaukee, for the defendants.

The following opinion was filed April 7, 1931:

WICKHEM, J. It is well established in this state that a corporate by-law which prohibits the alienation of shares of stock, or which amounts to an unreasonable restraint upon their transfer, is void. *In re Klaus,* 67 Wis. 401, 29 N. W. 582; *Farmers M. & S. Co. v. Laun,* 146 Wis. 252, 131 N. W. 366. In the case last cited it is recognized, however, that there is a distinction between charter provisions or by-laws absolutely or unreasonably restrictive of transfer and those placing reasonable conditions upon the transfer of stock. The court said:

"The object and purpose of such regulations, restricting in a degree, but not prohibiting, the transfer of shares, are familiar. It is sometimes necessary and often desirable that a corporation protect itself against the acquisition of shares of its stock by rivals in business or other disturbers, who might purchase shares merely for the purpose of acquiring information which might thereafter be used against the interests of the company. Similar restrictions upon the transfer of shares are generally recognized and held valid, where they form part of the charter or articles of organization of the corporation, and are matters of contract between the shareholders."

From these cases it appears that such restrictions upon the alienation of stock as are provided by the charter and by-laws in this case are sustained as reasonable provisions for preserving the company against purchase of stock by outsiders, rivals or other disturbers. These restrictions are

sustained as a contract existing between the stockholders. Their validity is in no way based upon the stockholder's pre-emptive right to demand that he be offered his proportionate share of unissued or treasury stock before such stock is offered to others. Hence the cases of *Dunn v. Acme A. & G. Co.* 168 Wis. 128, 169 N. W. 297; *Hammer v. Cash,* 172 Wis. 185, 178 N. W. 465; *Luther v. C. J. Luther Co.* 118 Wis. 112, 94 N. W. 69, have no application to the present controversy. In this case the sale complained of was not made to an outsider but to another stockholder, and the case resolves itself into a construction of the articles for the purpose of determining the scope of the restriction upon the transfer of the stock. It is contended by respondent that the restrictions in the articles are designed to preserve to all of the remaining stockholders a right to purchase the stock of any person desiring to sell, in proportion to the stock held by each of the remaining stockholders. In other words, the contention of the respondent is that the parties who are stockholders have, by contract with each other, preserved a sort of pre-emptive right which enables each at his option to preserve his proportionate ownership and control of the corporation. The appellant, on the other hand, contends that the articles are intended to compel an offer to the other stockholders and the satisfaction of the procedure set forth in the articles, before the stock may be sold to any outsider, and that there is no prohibition in the articles directed against the sale of stock by one stockholder to another.

It is our conclusion that the contentions of the appellant are sound. In the articles of incorporation it is stated that a stockholder desiring to sell must first offer his shares "to the remaining stockholders, it being the intention hereof to give them a preference in the purchase of the same." It is then provided that such stockholder shall be required to file notice in writing with the secretary of the corporation, stat-

ing the terms of sale, and unless his terms are accepted by any or all of the other stockholders within thirty days thereafter, they shall be deemed to have waived their privilege of purchasing and he be at liberty to sell to any one else. The provision for a preference in the remaining stockholders obviously relates to a preference as against outsiders. The procedural portion of the provisions in the articles sets out the steps that must be taken before the stock may be sold to outsiders. The by-laws provide that the shares of stock shall be freely assignable "except that no member can sell to one not a stockholder without first offering his stock for sale to the other stockholders, as provided in the articles." We are unable to find in this language any intention to do more than reserve to the remaining stockholders a preference in the purchase of shares over outsiders. If the intention of these articles was to do more than this, it seems to us that such intention could have been very definitely and easily expressed. Since the restriction in question has validity as an exception to a well-established rule prohibiting restrictions upon the alienation of personal property, it ought not to be enlarged by implication. Even in the case of a proposed sale to an outsider, it seems clear to us that the stockholder desiring to sell, under the provisions of the articles and by-laws, would not be required to hold open his offer for thirty days if before this period had run any one of the remaining stockholders was willing to take all the stock offered at the seller's price. Such a right on the part of the stockholder desiring to sell is wholly inconsistent with the contention that these articles were intended to preserve a right in each of the remaining stockholders to purchase such a portion of the stock offered as would preserve the relative position of each in the corporation.

In this view of the case, it is not necessary to consider appellants' contention that the restrictions are void under

sec. 183.14, Stats., because of the failure to print them upon the certificates.

For the foregoing reasons the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on June 12, 1931.