## E. I. DU PONT DE NEMOURS & CO., Inc., v. PATHE FILM CORPORATION.

District Court, S. D. New York.

Dec. 12, 1938.

William H. Button, of New York City (Lowell M. Birrell, of New York City, of counsel), for plaintiff.

Phillips & Nizer, of New York City (Louis Nizer, Robert S. Benjamin, Arthur B. Krim, and Sidney Freidberg, all of New York City, of counsel), for defendant.

COXE, District Judge.

The plaintiff and the defendant are the sole stockholders of Du Pont Film Manufacturing Corporation (hereinafter referred

to as "Du Pont Film"). There are ten thousand shares of common stock of this company outstanding, of which the plaintiff owns sixty-five hundred shares, and the defendant the remaining thirty-five hundred shares. The defendant is about to effect a dissolution and distribution of its assets among its stockholders. In this dissolution, it is proposed to transfer the thirty-five hundred shares of Du Pont Film to a banking institution, which, in turn, will issue certificates of beneficial interest to be distributed to the defendant's seven thousand stockholders. The action is to enjoin this distribution of Du Pont Film stock as being in violation of a restrictive covenant in an existing contract between the plaintiff and the defendant. The present motion is for an injunction pendente lite.

The restrictive covenant which the plaintiff is seeking to enforce is contained in a contract between the parties, dated Dec. 12, 1935, and reads as follows: "Pathe Film Corporation agrees that none of such shares so transferred, shall hereafter be sold unless and until any of such shares to be sold shall first be offered to E. I. Du Pont De Nemours & Company at the best price and upon the best terms obtainable at the time from any other bona fide purchaser for value".

The defendant is experiencing heavy operating losses in its laboratory processing business, and mainly for that reason, the directors have recommended that the company be liquidated. It is also sought to take advantage of Section 112(b) (7) of the 1938 Revenue Act, 26 U.S.C.A. § 112(b) (7), which, it is asserted, grants substantial tax benefits if complete liquidation of the company is effected during the present month.

■ The single question presented is whether a distribution in kind of the thirty-five hundred shares of Du Pont Film stock to the defendant's stockholders is a sale within the meaning of the restriction. I do not think that it is. The definition of a sale in the Uniform Sales Act (New York Personal Property Law, Consol.Laws, c. 41, Sec. 82, subdiv. 2) is "an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price". The essential elements of a sale are lacking in the present case; there is no transfer neither is there any price. All that the defendant proposes to do is to distribute its remaining assets, including the Du Pont Film stock, to its own stockhold-

ers. This is not a sale but merely a distribution by operation of law to the persons who are the "proprietors of the corporate interests". Kavanaugh v. Kavanaugh Knitting Co., 226 N.Y. 185, 195, 123 N.E. 148, 151. There are numerous cases in the books holding similar restrictions inapplicable to situations of this kind. Lane v. Albertson, 78 App.Div. 607, 79 N.Y.S. 947; Victor G. Bloede Co. v. Bloede, 84 Md. 129, 34 A. 1127, 33 L.R.A. 107, 57 Am.St.Rep. 373; Magnetic Mfg. Co. v. Manegold, 201 Wis. 154, 229 N.W. 544; Matter of Starbuck's Ex'x, 251 N.Y. 439, 167 N.E. 580, 65 A.L.R. 216; Barrows v. National Rubber Co., 12 R.I. 173.

I think, also, that the very language of the restriction precludes any construction that it covers a distribution on dissolution, for it provides that the stock shall first be offered to the plaintiff "at the best price and upon the best terms obtainable at the time from any other bona fide purchaser for value". Obviously, such a provision as this has no application to a distribution on dissolution.

■ The plaintiff's contention is, in effect, that the stock must be sold if there is any devolution of title. There is, however, no such requirement in the contract, and I can see no basis for changing language which the parties themselves have employed. The cases cited by the plaintiff are familiar examples of the use by the courts of implied covenants to avoid unreasonable construction or prevent injustice. They have no bearing on the present situation.

■ The plaintiff also points to a provision in a contract between the plaintiff and Pathe Exchange, Inc., the predecessor of the defendant, dated Feb. 3, 1925, in support of its contention that the 1935 contract covers a distribution on dissolution. This provision is as follows: "neither party hereto, either before or after such termination, shall sell or otherwise dispose of any of its shares * * *".

The 1925 contract was, however, superseded by five later contracts, culminating in the 1935 contract now before the court. Each of these five later contracts has a restriction against selling the Du Pont Film stock, but none contains the words "or otherwise dispose of" as appearing in the 1925 contract. I think this omission tends rather to support the defendant's argument than that of the plaintiff.

The motion of the plaintiff for an injunction pendente lite is denied.