Melvin K. Allen et al., as Executors of and Trustees under the Will of Harry N. Kaplan, Deceased, Appellants, v. Biltmore Tissue Corporation, Respondent.

Second Department, May 28, 1956.

600

*Irvin Waldman* for appellants.

*Max Wechsler* and *Albert L. Solodar* for respondent.

MURPHY, J. Harry N. Kaplan, the decedent, died on October 25, 1953. In the possession of his executors are three certificates of respondent's stock issued to the decedent by respondent (1) for 5 shares on January 30, 1933, for $25; (2) for 5 shares on February 13, 1936, as a dividend, and (3) for 10 shares on December 29, 1938, for $100. Respondent refused to issue new certificates to appellants. As a counterclaim to this action to compel its transfer, respondent sought and has been granted specific performance of an alleged option to purchase the stock. It relies on section 30 of its by-laws, adopted on July 29, 1932, two days after its creation, which section states that respondent shall have the right to purchase the stock of a deceased stockholder at the same price that respondent received for it and, if the corporation does not purchase, its directors have the right to empower, as they see fit, existing stockholders to make such purchase.

Appellants contend that failure to set forth this alleged option on the face of the certificates is a violation of section 176 of the Personal Property Law, which provides that there shall be no restriction upon the transfer of shares by virtue of any by-law " unless the right of the corporation to such   *   *   *

restriction is stated upon the certificate.'' On the left-hand side of each of the certificates appears a statement that it is issued subject to restrictions in sections 28, 29 and 30 of the by-laws. In a number of the States which have adopted the statute as part of the Uniform Stock Transfer Act, there are holdings that the restriction itself must appear on the certificate (*Magnetic Mfg. Co.* v. *Manegold,* 201 Wis. 154; *Costello* v. *Farrell,* 234 Minn. 453; *Weber* v. *Lane,* 315 Mich. 678, 688). We are of opinion, however, that the reference to the by-laws is a statement of '' the right of the corporation '' to such restriction within the meaning of the statute (see *Weissman* v. *Lincoln Corp.,* 76 So. 2d 478, 483 [Fla.]).

· The vital issue is whether the by-law is void as an unreasonable restriction on the right of a stockholder to sell his property. Stock is personalty and its holder, ordinarily, is free to dispose of it as he wishes. An exception to this general rule is warranted only if a restriction reasonably bears a relationship to the legitimate interests of the corporation which imposes such restriction (*Penthouse Properties* v. *1158 Fifth Ave.,* 256 App. Div. 685, 690, 691; *Rychwalski* v. *Baranowski,* 205 Wis. 193, 196; *McNulta* v. *Corn Belt Bank,* 164 Ill. 427, 447; 8 Fletcher's Cyclopedia Corporations [Perm. ed.], § 4205). A first option to a corporation to repurchase its stock at a fair price has generally been upheld (*Cowles* v. *Cowles Realty Co.,* 201 App. Div. 460; *Sterling Loan & Inv. Co.* v. *Litel,* 75 Col. 34; *Lawson* v. *Household Finance Corp.,* 17 Del. Ch. 343; *Doss* v. *Yingling,* 95 Ind. App. 494; cf. *Bloede Co.* v. *Bloede,* 84 Md. 129, and *Security Life & Acc. Ins. Co.* v. *Carlovitz,* 251 Ala. 508). More onerous restrictions have been held valid where the special nature of the corporation warranted protection afforded by by-laws, e.g., a co-operative apartment (*Penthouse Properties* v. *1158 Fifth Ave., supra; 68 Beacon St.* v. *Sohier,* 289 Mass. 354); a closed corporation (*Palmer* v. *Chamberlin,* 191 F. 2d 532); a bank (*Searles* v. *Bar Harbor Banking & Trust Co.,* 128 Me. 34) and a brewery in its relation to saloonkeepers (*Nicholson* v. *Franklin Brewing Co.,* 82 Ohio St. 94). But a by-law requiring a holder to surrender stock of an ordinary profit-making corporation at an arbitrary price is invalid (cf. *Steele* v. *Farmers & Merchants Mut. Tel. Assn.,* 95 Kan. 580, and *Picalora* v. *Gulf Co-op. Co.,* 68 Misc. 331).

The respondent, so far as appears, is a corporation engaged in business for profit. Its stock consisting of 5,538 shares is apparently held by many persons, because section 28 of its by-laws provides that no individual or corporation is entitled to hold more than 20 shares. There is no perceptible relation-

ship between the restriction and the welfare of the corporation. The restriction serves to prohibit the sale of the stock. Irrespective of the amount paid and date of purchase and book value, the corporation may repurchase the stock at the varying prices paid by the purchasers. The corporation even claims the right to the return of stock issued as a dividend without paying anything at all therefor. Thus, it claims the right to repurchase for $125, and claims that its offer of $400, the amount incorporated in the judgment, is a gratuity insofar as it exceeds $125. Nor need the corporation make the purchase. A majority of its directors may allocate the stock as they see fit. The only incentive for an individual to purchase under such restrictions would be a belief that a cash dividend was imminent. The by-law is an unlawful restriction and is void.

Knowledge of the restriction which might be imputed to the decedent by reason of his purchases after enactment of the by-laws is immaterial. We are not concerned with enforcibility of restrictions contained in articles of incorporation and stockholders' agreements, nor with formulation of the restriction and subsequent breach of a fiduciary obligation, as in *Hassel* v. *Pohle* (214 App. Div. 654). The statement in *Kent* v. *Quicksilver Min. Co.* (78 N. Y. 159, 179), reiterated in *Kavanaugh* v. *Commonwealth Trust Co. of N. Y.* (223 N. Y. 103, 107), that a by-law, when adopted, is as much the law of the corporation as if its provisions had been part of the charter, has reference to a valid by-law. A purchaser of stock takes it subject only to such of the by-laws as are valid. If it were otherwise, and he were deemed to have agreed to subject himself to invalid by-laws, there would be no point in distinguishing between validity and invalidity.

The judgment should be reversed on the law, with costs, and judgment should be granted in favor of appellants directing transfer of the stock as set forth in subdivision "a." of the demand in the complaint within 20 days after the entry of the order hereon, and dismissing the counterclaim, with costs. The findings should be affirmed.

WENZEL, Acting P. J., UGHETTA, HALLINAN and KLEINFELD, JJ., concur.

Judgment reversed on the law, with costs, and judgment granted in favor of appellants directing transfer of the stock as set forth in subdivision "a." of the demand in the complaint within 20 days after the entry of the order hereon, and dismissing the counterclaim, with costs. The findings of fact are affirmed.