**Phil R. KENSINGER, Appellant,**

v.

**Bill McDAVID, Appellee.**

No. 14285.

Court of Civil Appeals of Texas.

Houston.

May 28, 1964.

Rehearing Denied June 18, 1964.

John L. Russell, Houston, Ragan & Russell, Houston, of counsel, for appellant.

J. Paul Pomeroy, Jr., Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellant, Phil R. Kensinger, against appellee, Bill McDavid, to rescind the sale by appellee to ap-

pellant of 3121 shares of stock in LeBaron's Inc. purchased by appellant on or about April 29, 1959, and to recover from appellee the purchase price of such stock in the sum of $3,121.00, and in the alternative to recover from appellee the difference between the purchase price of such stock and the book value thereof as of April 29, 1959. The jury having reported to the court that it could not reach a unanimous decision on all issues, an incomplete verdict was received by the court without objection by either party. Both appellant and appellee filed motions for judgment on the verdict. The court granted appellee's motion and entered judgment that appellant take nothing.

Appellant first complains that the trial court erred both in entering judgment for appellee upon the jury's answer to Special Issue No. 6 inquiring whether appellant and appellee waived the restrictions contained in the stock certificate of LeBaron's, Inc. and in refusing to disregard the answer to such issue and enter judgment for appellant, because there is no evidence in support of such answer. Appellant also complains that the court erred in not granting a new trial because the jury's answer to such issue is against the great weight and preponderance of the evidence.

In his first counter-point, appellee asserts that the restrictions regarding the sale of the stock did not apply to the sale to existing shareholders as opposed to "non-shareholders" and therefore no valid and enforceable restrictions existed which would restrict the sale by appellee to appellant of appellee's stock, since both were stockholders in the company.

Section 2 of the By-laws of LeBaron's, Inc. contains certain restrictions or conditions in connection with the sale of shares of stock in the company. Such restrictions are referred to on the face of the stock certificates issued and are attached to the back of the stock certificates. Section 2(b) of the restrictions reads as follows:

"No stock in the Company shall be transferred by sale, gift or otherwise, to any person, firm or corporation not a stockholder in the Company and no transfer of such stock shall be recorded on the books of the Company or shall be effective for any purpose, unless the following conditions are first met: * * *"

Then follow the conditions and restrictions which apply to transfers of stock within the contemplation and meaning of Section 2(b). It is not necessary, in view of our holding, to set out such conditions which are quite lengthy and which were not complied with in connection with the sale of stock from appellee to appellant.

■ We have concluded that appellee's counter-point One should be sustained. It is our view that Section 2(b) applies only to transfers of stock to persons and corporations not stockholders in the company. If it were intended that the conditions should apply to all persons and corporations, including holders of stock in the company, then such provision surely would not contain the words "not a stockholder in the Company." Such words must be given some meaning. They are wholly superfluous if the restrictions are construed to apply to all persons and corporations including stockholders. Pomilla v. Bumgardner, Tex. Civ.App.1959, 326 S.W.2d 917; Serota v. Serota, 168 Misc. 27, 5 N.Y.S.2d 68; Guaranty Laundry Co. v. Pulliam, 1947, 198 Okl. 667, 181 P.2d 1007, 2 A.L.R.2d 738; Rychwalski v. Milwaukee Candy Co., 1931, 205 Wis. 193, 236 N.W. 131; Gibbon v. 3920 Lake Shore Drive Building Corp., 310 Ill. App. 385, 34 N.E.2d 109.

■ Even if such restrictions did apply to a sale by a stockholder in LeBaron's, Inc., to another stockholder therein, we are of the opinion that the jury's finding that both appellant and appellee waived such restrictions finds support in the evidence. We have carefully read the entire statement of facts, and have concluded that we cannot

say that such finding of the jury is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In re King's Estate, 1951, 150 Tex. 662, 244 S.W.2d 660.

■ There is no merit in appellant's contention that the court erred in entering judgment against him and refusing to order a rescission of the sale in question on the ground there was no meeting of the minds of the parties and a mutual misunderstanding and mistake as to the value of the stock. The evidence shows that appellee offered to sell his stock for $1.00 per share and the stockholders to whom it was orally offered, including appellant, paid $1.-00 per share for the stock issued to them. Appellant now contends that it was his understanding that the stockholders, including himself, had the right to buy the stock at book value as defined in Section 2(b) (1). No mention of book value was made at the time of the sale by appellee of his stock to appellant. The evidence shows that appellant did not call upon appellee for an accounting or to determine the book value of the stock he purchased until October 7, 1960, some 17½ months after the sale, and after appellant had called on his attorney and the stock had become worthless.

The evidence further shows that appellant had purchased other stock in the company when it was first organized, and that he was familiar with the conditions set out under Section 2(b). If there was any mistake on the part of appellant with respect to the application vel non of the conditions in question to his purchase from appellee, it was a unilateral mistake of law and not of fact, since as a matter of law the conditions do not apply to the sale in question. Admittedly neither appellant nor appellee knew the value of the stock at the time of such purchase. Furthermore, as hereinabove stated, the jury found that both appellant and appellee had waived such conditions and restrictions.

Appellant's next two points complain of error on the part of the trial court in re-

fusing to allow appellant to file his first trial amendment, and his second trial amendment, in view of the testimony admitted without objection and the issues tried by consent. Rule 67, Texas Rules of Civil Procedure, provides as follows:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of special issues, as is provided in Rules 277 and 279."

Appellant, in his brief, states that the refusal of the court to admit the trial amendments to be filed "did not affect the result of the trial of these issues set forth in these pleadings (trial amendments) and plaintiff's original petition, for the reason that the matters set out therein were undisputed as they relate to a mutual mistake of the parties as to the stock option sales purchase by appellant from appellee, and further as they relate to appellee's own statement that he never intended to comply with the option (restrictions) agreement and did not tell anyone that he did not intend to so comply until October 7, 1960, when demand for compliance was made upon him."

■ It is difficult to determine exactly the meaning of appellant's statement, but if the refusal to grant the trial amendments did not affect the result of the trial, then appellant has failed to show that the court's refusal to permit the filing of such trial amendments has resulted in harm.

In his motions for leave of court to file his trial amendments, appellant alleges in

substance that the following issues had been raised by the evidence and tried by the consent of the parties; that an accident or mistake caused appellant to tender a sum in excess of that required under the restricted agreements pertaining to the transfer of stock in LeBaron's, Inc.; that appellee made certain threats constituting duress; that appellee intentionally never intended to comply with the restrictive agreements in question; and that appellant should be allowed to file his pleadings to show such mistakes, and fraudulent conduct on the part of appellee, and the fact that there was no meeting of the minds of said parties. Such matters were also substantially set out in appellant's trial amendments.

■ Ordinarily, where issues are tried by implied consent, the filing of trial amendments should be freely permitted. Shaw v. Tyler Bank & Trust Co., Tex.Civ.App., 1956, 285 S.W.2d 782, writ ref., n. r. e. Rule 66, T.R.C.P., directs that the court shall freely allow pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to show the allowance of the amendment would prejudice him. Vermillion v. Haynes, 1948, 147 Tex. 359, 215 S.W.2d 605.

■ In the instant case a careful reading of the statement of facts fails to disclose any evidence of fraud or duress on the part of appellee which would warrant the submission of an issue thereupon, or any evidence of probative force of accident, mistake or that there was no meeting of the minds of said parties. It is our view, therefore, that if there was any error on the part of the court in refusing to permit the filing of appellant's trial amendments, such error was harmless, since there was no evidence of probative force that would warrant the submission of any issues with respect to any of the matters alleged in the trial amendments. Moreover, appellant has not shown that any issues were requested by him and refused by the court because there was no pleading with respect to such issues. Thus appellant has failed to show that he has suffered any harm by reason of the court's refusal to permit the filing of his trial amendments.

■■ Appellant complains of the court's error in overruling his motion for a new trial on the ground of jury misconduct, asserting that at least one of the jurors answered Special Issue No. 6 against him because of such misconduct. We have read the testimony given at the hearing on misconduct, and have concluded that the trial court could reasonably have found that no misconduct occurred. Under the testimony of the jurors a fact issue was raised, which the court resolved against appellant's contention. The court in overruling appellant's motion for new trial and in entering judgment for appellee has impliedly found that no misconduct occurred. Since there is evidence in support of such finding, it is binding upon this Court. Younger Brothers, Inc. v. Myers, 1959, 159 Tex. 585, 324 S.W.2d 546.

■ Furthermore, on viewing the record as a whole, we are of the opinion that even if there was such misconduct appellant has failed to show that it probably resulted in injury to him. Barrington v. Duncan, 1943, 140 Tex. 510, 169 S.W.2d 462; Trousdale v. Texas & N. O. R. Co., 1955, 154 Tex. 231, 276 S.W.2d 242.

We fail to find that appellant objected to the court's action in receiving a partial verdict. But even if he did, he has wholly failed to show that such action has resulted in any harm to him in view of our holding with respect to the restrictions in question and the jury's finding that both appellant and appellee waived such restrictions. Chancey v. New Amsterdam Casualty Company, Tex.Civ.App., 336 S.W.2d 763, writ ref., n. r. e.

Judgment affirmed.