MEMORANDUM
LUHRING, J.
The Court will adopt the proposed findings of fact and conclusions of law presented by the plaintiffs as its own.
The proceedings in the courts of the District of Columbia under Section 64 of the Public Utilities Act are administrative, Keller v. Potomac Electric Power Co., 261 U. S. 428, and a continuation of the proceedings before the Public Utilities Commission. Gandy v. Marble, 122 U. S. 432; Alexandrine v. Coe, App. D. C., decided May 14, 1934.
The Gandy and Alexandrine cases have to do respectively with proceedings in Patent and Trademark cases under Sec. 4915, R. S. as amended (Sec. 63, Tit. 35 U. S. C.). This section provides that “whenever a patent on application is refused by the Commissioner of Patents, the applicant . . . may have remedy by bill in equity if filed within six months after such refusal, and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. . . .” In *120 referring to this Section 4915 R. S., Mr. Justice Blatchford, in the Gandy case, page 439, said:
“Although, as was said by this court in Butterworth v. Hoe, 112, U. S. 50, 61, the proceeding by bill in equity, under Sec. 4915, on the refusal to grant an application for a patent, intends a suit according to the ordinary course of equity practice and procedure, and is not a technical appeal from the Patent Office, nor confined to the case as made in the record of that office, but is prepared and heard upon all competent evidence adduced and upon the whole merits, yet the proceeding is, in fact' and necessarily, a part of the application for the patent.” (Italics ours.)
Section 64 of the Public Utilities Act is somewhat similar to Sec. 4915 R. S. and provides that “any public utility . . . being dissatisfied with any order or decision of the commission fixing any . . . rate or rates . . . may commence a proceeding in equity in the Supreme Court of the District of Columbia against the commission as defendants, to vacate, set aside or modify any such decision or order on the ground that the . . . rate or rates . . . fixed in such order is unlawful, inadequate or unreasonable.” The answer of the commission or public utility is required to be filed within ten days. Any party, including the commission, is given the right of appeal to the Court of Appeals of the District of Columbia from any order or decree of the Supreme Court.
Section 67 of the same act provides “that if upon trial of such proceeding or suit, evidence shall be introduced by the plaintiff which is found by the court to be different from that offered upon the hearing before the commission ... or additional thereto, the court, before proceeding to render judgment, . . . shall stay further proceedings in said proceeding for fifteen days from the date of such transmission. Upon the receipt of such evidence the commission shall consider the same and may alter, modify, amend or rescind its order relating to such . . . rate or rates . . . complained of in such *121 action, and shall report its action thereon to said court within ten days from receipt of such evidence.”
(Appeal noted June 28, 1934. Ed.)
Section 68 of the act regulates the procedure in the court in cases where pursuant to Section 67, the commission rescinds, or fails to rescind the order complained of, or alters, modifies or amends the same.
The two sections, 67 and 68, clearly make the proceedings before the Supreme Court a continuation of the proceedings before the commission, and it must necessarily follow that the proceeding in the Court of Appeals is likewise a continuation of the proceeding before the commission. In that view of the law, Section 42a applies, and requires that the expenses of the proceeding on appeal shall be borne by the utility concerned.
Section 42a undertakes to cover and does fully cover the subject matter of expense, the same subject matter dealt with by Section 42. Section 42a is the latest expression of congressional will, and, therefore, operates as a repeal of Section 42. District of Columbia v. Hutton, 143 U. S. 18.
Upon appeal the commission was required to properly prepare and file a transcript of the record, and, also, within the time allowed, a brief in the Court of" Appeals. The cost of printing the transcript and brief was a necessary expense, incident to the proceeding, and under the provisions of Section 42a, the defendants are required to pay such cost. Such a construction of Section 42a does not deny to the defendants the equal protection of the laws, nor does it do violence to the fifth amendment. Charlotte &c. R. R. v. Gibbes, 142 U. S. 386; Wisconsin Tel. Co. v. Commission, 206 Wis. 589.
Counsel for plaintiffs will therefore submit in proper form for signature findings of fact and conclusions of law in accordance with their proposal.