TOANO REALTY CORPORATION, Respondent, v. LLOYDS OF WHITE PLAINS, INC., et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ. [See *ante,* p. 784.]

SAM BIRNBAUM, as Administrator of the Estate of DORA BIRNBAUM, Deceased, Appellant, v. SAMUEL L. SIEGLER, Respondent.— In an action to recover damages for personal injuries suffered by plaintiff's intestate, the complaint sets forth three causes of action in commingled form: (1) based on the alleged negligence of defendant, a surgeon, in the performance of an operation on February 7, 1942; (2) based on defendant's alleged negligence in the performance of an operation on February 9, 1942; (3) based on defendant's performance of the operation on February 9, 1942, without authority, the consent to that operation having been obtained by defendant's alleged false representations. The complaint also contains a companion action for loss of services. The complaint was dismissed in its entirety at the close of the case. Judgment modified on the law and the facts by striking therefrom the ordering paragraph and inserting in place thereof the following: "Adjudged that the commingled causes of action be severed; that as to the causes of action based on negligence in the performance of the operations on February 7, 1942, and February 9, 1942, the complaint be and the same hereby is dismissed; and a new trial is directed solely as to the cause of action based on the alleged unauthorized operation." As thus modified, the judgment is unanimously affirmed, with costs to appellant to abide the event. The dismissal of the complaint, insofar as it was based on the alleged negligent performance by defendant of the two operations, was proper. However, the complaint also proceeded on the theory that the second operation was performed with the consent of the husband, obtained by representations which were false to the knowledge of defendant. In legal effect, a consent so obtained is not valid. Performance of an operation without valid consent previously obtained constitutes an assault on the patient, for which the surgeon would be liable. (*Schloendorff* v. *New York Hospital,* 211 N. Y. 125, 130; *Pratt* v. *Davis,* 224 Ill. 300; *Mohr* v. *Williams,* 95 Minn. 261; *Wall* v. *Brim,* 138 F. 2d 478; *Beringer* v. *Lackner,* 331 Ill. App. 591.) There was a question of fact presented on this issue which should have been submitted to the jury. It is within our power to sever causes of action and affirm the judgment as to one though we reverse it as to the other. (*Bremer* v. *Manhattan Ry. Co.,* 191 N. Y. 333.) Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.