Anthony MOOS, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 15061.

United States Court of Appeals Eighth Circuit.

Sept. 23, 1955.

John E. MacGibbon, Elk River, Minn., for appellant.

Lester S. Jayson, Atty., Dept. of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Paul A. Sweeney, Atty., Dept. of Justice, Washington, D. C., George E. MacKinnon, U. S. Atty., and J. Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

Anthony Moos, a discharged veteran, brought this action under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), to recover damages for personal injuries alleged to have been caused by an unnecessary and unauthorized surgical operation on his right leg and hip while he was in the Veterans Administration Hospital in Minneapolis, Minnesota, in the fall of 1952, for treatment of a service-connected injury of his left leg and hip.

The District Court, on motion of the Government, dismissed the plaintiff's amended complaint, upon the ground that the claim stated was one arising out of assault and battery, of which the court had no jurisdiction because of 28 U.S. C.A. § 2680(h) excluding any such claim from the Act.[1]  D.C., 118 F.Supp. 275. This appeal followed.

Reduced to its simplest terms, the claim stated by the plaintiff in his amended complaint is that while he was in the hospital and under an anaesthetic for a prescribed and scheduled operation upon his left leg and hip, to which he had consented, a Government surgeon, without the plaintiff's knowledge or consent, performed an unnecessary and uncalled-for operation on his right leg and hip.

Of this claim, the District Court said, at page 276 of 118 F.Supp.:

> "The act of the surgeon in performing the operation without the consent of plaintiff constituted an assault and battery under Minnesota law. Mohr v. Williams, 95 Minn. 261, 104 N.W. 12, 1 L.R.A.,N.S., 439. It was there held that a surgeon who performs an operation without the consent of the patient is liable for assault and battery regardless of lack of intent or negligence on his part. Such result is not peculiar to this jurisdiction but is the general rule. See Bonner v. Moran, 75 U.S. App.D.C. 156, 126 F.2d 121, 139 A.L.R. 1366; Wall v. Brim, 5 Cir., 138 F.2d 478."

This, we think, is an accurate statement of the law.[2]

There is no occasion for repeating or paraphrasing the opinion of the District Court, which we think has clearly demonstrated that the plaintiff's claim against the Government is, under applicable law, one arising out of an assault and battery, of which the court had no jurisdiction under the Tort Claims Act.

---

1. "2680. Exceptions

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

    *    *    *  ·  *    *

"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

2. To the authorities cited by the District Court might be added 6 C.J.S., Assault and Battery, § 8, p. 801; 48 C.J., Physicians and Surgeons, § 120, page 1130; 41 Am.Jur., Physicians and Surgeons, § 108, pages 220–221; Jackovach v. Yocom, 212 Iowa 914, 237 N.W. 444, 76 A.L.R. 551 and annotation; Restatement of the Law of Torts, Vol. 1, § 13, page 29.

■ At the time this case was argued, the Government was contending that, even if the court had jurisdiction of the claim, the sole recourse of the plaintiff against the Government was under 38 U.S.C.A. § 501a allowing compensation for injuries suffered by a veteran during hospitalization. That contention has since been decided adversely to the Government by the Supreme Court in United States v. Brown, 348 U.S. 110, 75 S.Ct. 141.

The order appealed from is affirmed.