St. Martin **FONTENELLE**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**No. 67 Civ. 545.**

United States District Court,
S. D. New York.

June 8, 1971.

Rolnick, Tabak, Ezratty & Huttner, New York City, for plaintiff, Benjamin Siff, New York City, of counsel on the brief.

Whitney North Seymour, Jr., U. S. Atty., for Southern Dist. of New York, for defendant, Richard S. Toder, Asst. U. S. Atty., of counsel.

### MEMORANDUM

BONSAL, District Judge.

Plaintiff instituted this action pursuant to the Federal Tort Claims Act (28 U.S.C. § 1346(b)) alleging that he was admitted to the United States Public Health Service Hospital at Stapleton, Staten Island, New York in 1965 where he underwent genital-urinary surgery. Plaintiff contends that while he gave his consent to the surgical procedures, it was not an "informed consent" because he was not told of the possible consequences of the surgery, including incontinence and impotence. He sues for damages for the injuries suffered by him by reason of the surgery.

Defendant United States of America has moved to dismiss the complaint on the ground that the court lacks jurisdiction over the subject matter (F.R.Civ.P. 12(b) (1)). The Government's position is that if plaintiff gave his consent, he has no cause of action for the consequences of the surgery, and that if he did not give his consent, the surgery was an assault and battery and hence a claim excluded from the operation of the Federal Tort Claims Act under 28 U.S.C. § 2680(h). The Government relies on Moos v. United States, 118 F.Supp. 275 (D.Minn.1954), aff'd, 225 F.2d 705 (8th Cir. 1955), where the court held that the act of a surgeon in performing the

operation without the consent of plaintiff constituted an assault and battery under Minnesota law, regardless of lack of intent or negligence on the surgeon's part. While the law of New York is to the same effect (Schloendorff v. Society of New York Hospital, 211 N.Y. 125, 105 N.E. 92 (1914); Darrah v. Kite, 32 App.Div.2d 208, 301 N.Y.S.2d 286 (3rd Dept. 1969); Birnbaum v. Siegler, 273 App.Div. 817, 76 N.Y.S.2d 173 (2d Dept. 1948)), "where the United States excepts itself from certain liabilities, as in Section 2680 of the Federal Tort Claims Act, such exceptions must be interpreted under the general law. * * *" Stepp v. United States, 207 F.2d 909, 911 (4th Cir. 1953).

 In *Moos*, the surgeon operated on the patient's right leg after having obtained the patient's consent to an operation on the left leg. A contrary conclusion was reached in Lane v. United States, 225 F.Supp. 850 (E.D.Va. 1964) where the surgeon operated on the patient's right knee by mistake when the operation was planned for the patient's left knee. In *Lane*, the court held that the operation was not an assault and battery since it was not an intentional wrongful act on the part of the surgeon but was due to the surgeon's negligence. While neither *Moos* nor *Lane* are applicable to this case since the plaintiff consented to a particular type of surgery which was performed on the indicated part of his anatomy, the court agrees with *Lane* that unless there was an intentional wrongful act on the part of the surgeon, the operation did not constitute an assault and battery on the plaintiff. Therefore, the issue presented in this case is whether or not plaintiff was informed as to the consequences of his operation at the time he gave his consent and whether, if he was not so informed, such failure constituted negligence on the part of the defendant's agents, giving the plaintiff a right to recover for malpractice. These issues can only be resolved at trial. Therefore, defendant's motion to dismiss the complaint is denied.

It is so ordered.