Isaac Newton **HULVER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 19917–3.**

United States District Court,
W. D. Missouri, W. D.

April 10, 1975.

William H. Pickett, Kansas City, Mo., for plaintiff.

Robert G. Ulrich, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

WILLIAM H. BECKER, Chief Judge.

This is a civil action for damages for personal injury resulting from alleged acts of medical malpractice by government employees acting within the scope of their employment. Original jurisdiction exists under § 1346(b), Title 28, U.S.C., and the Federal Tort Claims Act, § 2671 et seq. Title 28, U.S.C.

The defendant has moved for a partial summary judgment. Viewed in the light most favorable to the plaintiff the material facts are as follows:

Plaintiff underwent surgery on three separate occasions at the Kansas City, Missouri Veteran's Administration Hospital within a six-month period of time. Basically, the operations were performed to improve the circulation in the plaintiff's right and left legs. The first operation was performed on October 17, 1968. Plaintiff contends that this operation was performed without his informed consent and in the area of the left iliac artery that he had specifically admonished the government surgeon not to touch. The second operation was performed on December 12, 1968. With respect to this second operation, plaintiff alleges that government surgeons were negligent in improperly attempting to remove a thrombus from his left iliac artery. The third operation was performed on March 10, 1969. Plaintiff alleges that this third operation was performed solely as an attempt to correct the damage and injury resulting from the first and second operations. As a direct and proximate result of the alleged wrongful acts or omissions of the defendant, plaintiff claims to have suffered the following injuries:

1. loss of sexual potency;
2. loss of his sexual response;
3. crippling effect to his left leg;
4. severe arterial circulatory loss and internal damage to his body;

5. forced termination of employment;

6. loss of medical certification as an aircraft pilot;

7. future loss of earnings; and

8. pain, suffering, mental anguish and humiliation.

On February 22, 1961, the plaintiff filed an administrative tort claim with the Veteran's Administration. This claim was denied by letter dated August 17, 1971. Thereafter, the complaint was filed herein on December 3, 1971.

At the close of discovery and after the filing of Standard Pretrial Order No. 2, the defendant filed a motion for partial summary judgment, "pursuant to Rule 56, F.R.Civ.P.," moving for dismissal of the claims in paragraphs 6, 7, 8, 9, 10, and 11 of the plaintiff's complaint. Defendant bases its motion for partial summary judgment on the following two independent grounds:

1. The plaintiff's claims arising out of the alleged negligent acts or omissions in connection with the first operation of October 17, 1968, are excluded from coverage under the Federal Tort Claims Act by virtue of Title 28, U.S.C., § 2680(h) which excludes, among others, any claims arising out of an assault and battery.

2. The plaintiff's claims arising out of the alleged negligent or wrongful acts or omissions of the government occurring on to before February 22, 1969, are barred by the statute of limitations, Title 28, U.S.C., § 2401(b).·

 In this action, defendant's motion for a partial summary judgment also performs the functions of a motion to dismiss or a motion for judgment on the pleadings. 6 Moore, Federal Practice, 2035 (1974 Edition). Treated as a motion to dismiss under Rule 12(b), F.R.Civ.P., as a motion for judgment on the pleadings, or as a motion for partial summary judgment under Rule 56, F.R.Civ.P., the defendant fails to demonstrate that the complaint and other information in the record, construed in the light most favorable to the plaintiff, have failed to establish a claim upon which relief can be granted. Neither a complaint nor any portions thereof should be dismissed for alleged insufficiency of statement of facts unless it appears to a *certainty* that the plaintiff would not be entitled to any relief under *any* facts which could be proved in support of the complaint. Leimer v. State Mutual Life Assur. Co., 108 F.2d 302 (8th Cir. 1940). Defendant apparently misapprehends the function of the Federal Rules of Civil Procedure in determining the sufficiency of pleadings. From the time of adoption of these rules, the federal courts have rejected the theory of the case doctrine and the approach that pleading is a game of skill in which one mistake by counsel may be decisive of the outcome of the action. Instead, the salutary purpose of pleading is to facilitate a proper decision based on the merits. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In its motion the defendant has failed to demonstrate the lack of litigable factual issues in this cause. Under the factual circumstances disclosed by the record in this action, it is conceivable that the plaintiff can prove a tort based on negligence or some other breach of duty by government employees acting within the scope of their employment, which does not constitute an assault or battery within the exclusion of § 2680(h) of the Federal Torts Claim Act.

Further, the motion for partial summary judgment should be denied because the defendant has failed to establish that there is no litigable issue of material fact.

 A summary judgment is an extreme remedy. It should be entered only when the moving party is entitled to it beyond all doubt. A party opposing a motion for summary judgment is equally entitled to the benefit of *all* favorable inferences that may reasonably be drawn from the record. Minnesota

Bearing Company v. White Motor Corporation, 470 F.2d 1323 (8th Cir. 1973); Traylor v. Black, Sivalls & Bryson, 189 F.2d 213 (8th Cir. 1943):

Defendant contends that the alleged conduct of the government's surgeons in the operation performed on the plaintiff on October 17, 1968, constituted a battery, "within the classic definition" of that word. In support of that contention, defendant states:

"The plaintiff herein is alleging that he admonished Dr. Nosti not to touch any portion of the arterial system which fed his left leg, but that in spite of the specific admonition, Dr. Nosti did so anyway. (Plaintiff's Answer No. 1(b) to Defendant's Second Set of Interrogatories; Plaintiff's Answer No. 6 to Defendant's Interrogatory No. 6; Plaintiff's deposition page 12, lines 6 and 7.) There is no dispute that the operation was performed, nor does the defendant claim that the operation included the area of bifurcation of the left external and left internal iliac arteries *by mistake.* Memorandum In Support of Government's Motion For Partial Summary Judgment, October 18, 1972 at page 4. (Emphasis added.)

■ In order to have committed a battery, the defendant must have done some positive or affirmative act and that act must not only have caused *but must have been intended to cause* an unpermitted contact. Prosser, Law of Torts at p. 34 (3rd Ed. 1964).

The element of intent is of special importance in this action. Section 16, Volume I, Restatement (Second) of Torts (1965), deals directly with the character of intent necessary to constitute a battery. It reads in part:

"§ 16. (1) If an act is done *with the intention of inflicting upon another an offensive but not harmful bodily contact,* or of putting another in apprehension of either a harmful or offensive bodily contact, and such act causes a bodily contact to the other, the actor is liable to the other for a battery although the act was not done with the intention of bringing about the resulting bodily harm." (Emphasis added.)

The factual basis necessary to establish conclusively such a lack of intent is not present in the record of this action. For example, the deposition of Dr. Juan Carlos Nosti, the government surgeon who operated on the plaintiff in October of 1968, reveals a total lack of intent, hostile or otherwise, to commit a battery. In response to questioning by counsel for the plaintiff, Dr. Nosti stated that he could not recall any admonition by the defendant not to operate on his left leg. Relevant portions of Dr. Nosti's deposition on this point read as follows:

"＊　＊　＊

Q. You don't remember any conversation—

A. No, I don't remember.

Q. —where he told you not to touch the left leg?

A. No.

＊　＊　＊　＊　＊　＊

A. . . . so if a patient tells me, 'I don't want you to touch that spot—particular spot, because my leg is alright,' I would say this is what should be done, and this is not, you know, the normal procedure. . . . And you advise the patient what he should have done, and if the patient refuses that type of care—if it's an elective procedure like this was, he wasn't in any danger of death or anything, so if that is the case —if he refuses to have the operation done, unless they were under his terms, then you just can't do it.

Q. Or do it under your terms—or do it under your terms, is the other choice.

A. Not without the consent of the patient. That wouldn't—I don't think anybody would do that, just go ahead and do something if the

patient had told you ahead of time, 'Don't touch that spot,' you know, you would never say 'Oh, who cares what he says' and go ahead and operate." Deposition of Dr. Juan Carlos Nosti, May 12, 1972, at pages 72, 74.

Assuming that the defendant may have grounds to state accurately that the operation on the left iliac arteries was not performed "by mistake," Dr. Nosti's answers fall far short of conclusive proof that the operation was *intentionally* performed in those areas *specifically excluded* by the plaintiff. Instead, the finder of facts may find that the act complained of was negligently done as a result of unintentional actionable lack of care. In the absence of the requisite element of intent, the evidence viewed in the light most favorable to the plaintiff may result in a submissible case of negligence of one or more of the employees of the United States. If such evidence is submitted to the finder of facts, the plaintiff could recover for negligent malpractice under the Federal Tort Claims Act. United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); Schwartz v. United States, 230 F.Supp. 536 (D.C. Pa.1964).

Defendant places great emphasis on the holding in Moos v. United States, 225 F.2d 705 (8th Cir. 1955), in support of its motion. In the *Moos* case, the plaintiff entered a veteran's hospital for the treatment of a service-connected injury of his left leg and hip. He consented to an operation on that area of his body. While the plaintiff was unconscious and under an anesthetic, a government surgeon, without the plaintiff's knowledge or consent, performed an "unnecessary and un-called for operation" on the plaintiff's *right hip and knee*. The district court and appellate court held that the plaintiff's claim was barred on the sound technical theory that the unconsented to operation on the *right* leg and hip constituted a battery. The peculiar facts of the Moos case are explained in Jayson, Volume 2 Handling Federal Tort Claims (1974) in a footnote on page 13–21 therein:

"[5] One would expect that today the Justice Department would be inclined to view a claim such as this as based on *negligent malpractice*. Actually, when this case was being litigated, the Department's principal defense was that the claimant was a veteran, that as a result of the wrongful operation he became entitled to additional compensation under the veteran's benefits law; and that such compensation constituted the exclusive remedy against the United States. The Supreme Court, in United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954) . . . subsequently rejected the Department's contention."
(Emphasis added.)

The author Jayson appeared as counsel for the Department of Justice in the *Moos* case.

The facts in this action may be distinguished from the decision in *Moos* on other grounds. In this action the government surgeon has, in his testimony, expressly denied any intent or desire to operate on any area specifically excluded by the plaintiff. No such permissible inference appeared in the record of the *Moos* case. It is entirely conceivable that the finder of facts may discover a case of negligent malpractice.

In this area of law surprisingly undeveloped by judicial decision, one court has gone so far as to examine and disregard the *Moos* decision as "incorrectly decided." See Lane v. United States, 25 F.Supp. 850 (E.D.Va.1964), in which the court was faced with the identical factual issues present in the *Moos* case. An operation planned for the plaintiff's left knee was performed on his right. Following a discussion of the "technical" nature of the battery, the court concluded:

"The ultimate interpretation must rest with the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court. While

reluctant to disagree with the Eighth Circuit this Court cannot believe that Congress ever intended to apply the exclusion to the factual situation here presented." (Lane v. United States, *supra*, at p. 853)

■ It is not necessary to reach the conclusion in the *Lane* case that the *Moos* case was incorrectly decided. In the case at bar, there has been no conclusive showing by the defendant that a battery even occurred. The unresolved litigable material issue remaining in this action is whether the government surgeon intentionally operated on a specifically excluded area of the plaintiff. This factual issue can be resolved only by trial. Therefore, the defendant's motion to dismiss those paragraphs of the complaint purportedly constituting a tort of battery will be denied.

The defendant's second independent ground in support of its motion for partial summary judgment is equally lacking in merit. The defendant contends that the statute of limitations in tort claims against the United States effectively bars any claims arising out of alleged negligent or wrongful acts or omissions of the government occurring on or before February 22, 1969. (Plaintiff's administrative tort claim was filed on February 22, 1971.) In the factual circumstances presently inferable from the record in this action, entry of partial summary judgment would have the effect of barring those alleged claims of malpractice arising out of the operations of October 17, 1968, and December 12, 1968. Defendant's contention that this result is required under § 2401(b), Title 28, U.S.C., is unfounded. That statute reads:

"(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim *accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." (Emphasis added.)

■ It is well-settled that the period of limitations does not begin to run until the alleged acts or omissions of the defendant's employees are *discovered*, or in the exercise of reasonable diligence, should have been discovered by the plaintiff. This equitable doctrine applies to all federal statutes of limitation, including § 2401(b). *Cf.* Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962); Quinton v. United States, 304 F.2d 234 (5th Cir. 1962); 7 A.L.R.3rd 732; 2 Jayson, Handling Federal Tort Claims, § 277.01–277.02.

■ In this action, the defendant has failed to establish the nonexistence of any litigable issue because of application of the statute of limitations. There has been no conclusive showing that plaintiff knew or should have known of the alleged malpractice on or before February 18, 1969. The plaintiff may well prove that he was not aware that he had been injured through alleged negligent medical treatment until February of 1971.

Further, the plaintiff may produce proof of other circumstances that would preclude the running of the statute of limitations in this action. For example, it may be proved that the series of operations constitute a continuing tort in respect to which the statute does not run until the last negligent act is completed.[1] See 2 Jayson, supra, § 277.-04.

Therefore, treated as a motion for partial summary judgment, as a motion to dismiss, and also as a motion for judgment on the pleadings, it is hereby

Ordered that defendant's motion pursuant to Rule 56, F.R.Civ.P., be, and it is hereby, denied.

1. On the subject of continuing torts and the continuous treatment rule, see Reilly v. United States, 513 F.2d 147 (8 C.A.1975).