Leroy THOMPSON

v.

**J. D. DUGAN, Bureau of the Public Debt, et al.**

**Civ. A. No. 76–3096.**

United States District Court, E. D. Pennsylvania.

Feb. 28, 1977.

---

MEMORANDUM

LUONGO, District Judge.

Plaintiff, Leroy Thompson, a frequent pro se litigator in this Court, instituted this suit on October 7, 1976. He seeks replacement of United States Savings Bonds which he had purchased in the late 1940's while in the armed forces, and which he alleges were lost or stolen sometime prior to 1965. Thompson has named as defendants J. D. Dugan, of the Bureau of Public Debt; C. Gardner, Director, Division of Transactions and Rulings and the Disbursement and Control Division, Indianapolis, Indiana; the Department of the Treasury; and the United States. Thompson also seeks compensatory and punitive damages from these defendants for injury caused him by their refusal to replace the bonds. The United States Attorney, on behalf of all defendants, has filed a motion to dismiss on the grounds that (1) the complaint fails to state a claim upon which relief can be granted, and (2) the claims are barred by the applicable statute of limitations, 28 U.S.C. § 2401.

■ Accompanying defendants' motion were certified copies of correspondence between Thompson and the Department of the Treasury and between the Department of the Treasury and other agencies relating to the bonds purchased by Thompson. In response to the motion to dismiss, Thompson filed a "Motion in Opposition to Defendants Motion to Dismiss and Affidavit." In as much as both sides have submitted and rely on materials beyond the pleadings, I will treat the motion to dismiss as a motion for summary judgment under Fed. R.Civ.P. 56, as Fed.R.Civ.P. 12(b) provides. See 2A Moore's Federal Practice ¶¶ 12.08–12.10. I conclude that the claims are time barred, and that defendants are entitled to summary judgment as a matter of law.

The facts relevant to the instant motion are largely undisputed. Resolving the disputed issues of material fact against the moving parties, as I am required to do under Rule 56, the facts may be stated as follows.

Leroy Thompson, pro se.

Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

In 1946 while serving in the United States Army, Thompson signed an agreement to purchase a $25 savings bond each month, apparently through payroll deductions. The agreement continued through 1947, resulting in the purchase of at least sixteen $25 bonds. The bonds were to be issued in Thompson's name as sole owner, payable to him, or, on his death, to his mother, Nellie Thompson. Most, although not all, of the bonds were incorrectly issued in that they were issued payable to *either* Thompson or his mother. No later than 1965, Thompson discovered that the bonds were missing. On at least two occasions in 1964 or 1965 he reported that fact to the Veterans Administration. On November 8, 1973, Thompson wrote to the Department of the Treasury to report the bonds as missing, and to request that he be reimbursed for the bonds. Extended correspondence between Thompson and the Department of the Treasury over the next two and one half years revealed that all of the bonds purchased by Thompson except one had been redeemed. None of the bonds were redeemed by Thompson or with his permission.

The applicable statute of limitations, 28 U.S.C. § 2401(a), provides:

"Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

■ Generally a statute of limitations gives rise to a defense which may be waived by the defendant. In the case of suits against the United States, however, because of its sovereign immunity and the fact that it may be sued only upon express congressional authorizations, limitations and conditions upon such authorizations to sue are strictly construed and exceptions are not implied. The limitations statute in suits against the United States is jurisdictional and the running of the statutory period extinguishes the claim. *Crown Coat Front Co. v. United States,* 275 F.Supp. 10, 15 (S.D.N.Y.1967), *aff'd,* 395 F.2d 160 (2d Cir.), *cert. denied,* 393 U.S. 853, 89 S.Ct. 123, 21 L.Ed.2d 122 (1968).

■ The general rule is that the limitations period begins to run when the acts or omissions giving rise to the cause of action are, or in the exercise of reasonable diligence should have been, discovered by the plaintiff. *Hulver v. United States,* 393 F.Supp. 749, 754 (W.D.Mo.1975). In some cases, however, a stricter test has been stated, requiring that the limitations period be measured from the date the cause of action accrued, whether or not the plaintiff had knowledge of the facts giving rise thereto. *See Crown Coat Front Co., supra* at 16. Under the stricter test Thompson's cause of action accrued at the time the bonds were stolen, or at the very latest, at the time they were illegally redeemed. *See Nehf v. United States,* 302 F.Supp. 356 (N.D.Ill. 1969). According to Dugan's letter dated January 17, 1974, the Department of the Treasury's records reveal that the bonds were redeemed before January 1949. Thus Thompson's cause of action accrued some 27 years before the instant suit was filed.

■ Even applying the more liberal standard to these facts, Thompson's claim is clearly barred. By his own admission, he knew not later than 1965 that the bonds had been lost or stolen. Had he made inquiry at that time he would have discovered that the bonds had been redeemed and that, contrary to his instructions, they had been made payable to himself or his mother. Such information was provided to Thompson in defendant Dugan's January 17, 1974 letter, and it is reasonable to assume that it would have been provided to Thompson in 1965 had he inquired, as reasonable diligence mandated. Thus the limitations period began to run not later than 1965, eleven years before this suit was filed and well beyond the six year time bar.

This case provides a dramatic example of the reason for limitations periods. Thompson alleges that his agreement with the Army provided that the bonds were to be made payable to him alone, and to his mother only in event of his death. Defendants assert that the original authorization signed by Thompson provided that the bonds were to be made payable to Thompson or his

mother, and that the bonds were lawfully redeemed by Thompson's mother. That dispute could have been readily resolved by production of the payroll authorization form. Correspondence from the defendants to Thompson reveals, however, that servicemen's records prior to 1959 had been sent to the General Services Administration, St. Louis, Missouri, and had been destroyed by fire in 1973. Thus what appears to be the crucial piece of evidence in the instant suit is no longer available, but would have been available had the suit been filed within the limitations period.

Thompson's suit against the United States was not filed within the time period provided by the statute of limitations and his claim has, therefore, been extinguished. Defendants' motion to dismiss will be granted.