Stephen ZERBE, Appellant,

v.

STATE of Alaska, Appellee.

No. 3159.

Supreme Court of Alaska.

May 12, 1978.

## OPINION

William H. Fuld, Kay, Christie, Fuld & Saville, Anchorage, for appellant.

John W. Pletcher, III, Anchorage, G. Thomas Koester, Asst. Atty. Gen., and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

CONNOR, Justice.

This appeal requires us to interpret those provisions of Alaska's government claims statute [1] which deal with claims which arise out of false imprisonment. Appellant's claim for damages against the state was dismissed by the trial court on the ground that it was barred by statute.

1. AS 09.50.250 provides in pertinent part as follows:

"*Actionable claims against the state.* A person or corporation having a contract, quasi-contract, or tort claim against the state may bring an action against the state in the superior court. . . . However, no action may be brought under this section if the claim

(3) arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

Stephen Zerbe's difficulties began when he was cited for driving an overweight truck. Zerbe's employer succeeded in having the complaint against Zerbe dismissed by informing the district attorney that the street on which Zerbe was driving was not a public street. Relying on the dismissal, Zerbe did not appear at the arraignment. An acting district judge who apparently had no knowledge that the complaint had been dismissed, issued a bench warrant for Zerbe's arrest. The bench warrant was served on Zerbe approximately five months later when Zerbe went to the police department to apply for a chauffeur's license.

Zerbe was taken to jail, and the guards apparently did not allow him to make any phone calls. As a result, Zerbe remained in custody for nine hours before he was able to post bail. Zerbe hired a lawyer and was successful in having the bench warrant quashed on grounds of the earlier dismissal. He then filed suit against the state, alleging that state employees were negligent in failing to properly inform the judge of the dismissal, and that jail personnel were negligent in failing to allow Zerbe to make a phone call to obtain bail.

Although the complaint was couched in terms of negligence, the state argued that plaintiff's cause of action arose out of false arrest and false imprisonment, and was, therefore, barred by AS 09.50.250.

The superior court, relying principally on federal cases interpreting similar language in the Federal Tort Claims Act (28 U.S.C. § 2680(h)), ruled that the gravamen of plaintiff's claim was "an improper arrest or imprisonment," and that Zerbe's claim was barred by the statute. This appeal followed.

■ Zerbe contends that the trial court erred in construing the complaint as alleging false arrest and false imprisonment, rather than common law negligence. Zerbe also challenges the constitutionality of Alaska's government claims statute. Because of our disposition of the first of appellant's points on appeal, we need not reach the constitutional question.[2]

■ As there is no Alaska case law interpreting the statute here in question, we turn for guidance to federal cases construing the similar federal provisions.[3] There are numerous federal cases which have interpreted 28 U.S.C. § 2680(h), the provision which exempts the federal government from any liability for

"[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . ."

■ Three federal cases squarely support the state's contention that although the complaint is drafted in terms of negligence, it actually is a claim *arising out of* false imprisonment and false arrest.

In *Gaudet v. United States*, 517 F.2d 1034 (5th Cir. 1975) (per curiam), a criminal complaint had been filed against the plaintiff for allegedly threatening the President of the United States. There was a great deal of publicity, and Gaudet was chased by

2. The constitutional claim was not thoroughly briefed by appellant. In such cases, rather than independently researching the point, we will instead employ the presumption of validity of legislative enactments (*see Concerned Citizens of South Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447 (Alaska 1974)), to hold that the party challenging the constitutionality of the statute has not met the burden of overcoming that presumption.

3. *See State v. Abbott*, 498 P.2d 712, 717 (Alaska 1972). Appellant correctly notes that the federal tort claims statute has been amended so that claims arising out of false arrest or false imprisonment are not barred if the claim arises from acts or omissions of investigative or law enforcement officers of the United States government. Appellant infers that under the statute as amended, claims such as his would be allowed. The state disputes this point. In any event, Alaska's statute has not been amended in accordance with the changed federal statute, and none of the federal cases cited by the parties to this appeal deals with the statute as amended. Therefore, the federal statute is quoted as it read before amendment. That Congress chose to amend this statute recently does not shed much light on the case at bar.

private citizens and police for several days before he turned himself in. Charges were subsequently dropped. He then sued the government, alleging injuries by reason of the "negligence, want of care, lack of police procedure, lack of law enforcement procedure, utter confusion and hysteria of employees, agents and representatives of the United States . . .." 517 F.2d at 1035. The court held that the substance of Gaudet's claim was not negligence, but came within the class of intentional torts to which false arrest, assault, malicious prosecution and the like belong. The court, therefore, held that Gaudet's claim was barred by 28 U.S.C. § 2680(h).

*Collins v. United States,* 259 F.Supp. 363 (E.D.Pa.1966) (mem.), involved an allegation that plaintiff had been "pushed, hit and struck" by an employee of the U.S. Post Office, and that the government was negligent in hiring and retaining the employee when it knew or should have known of the employee's vicious propensities. The court granted the government's motion to dismiss on the ground that the claim was barred by 28 U.S.C. § 2680(h), stating that the government's negligence would have been

> "without legal significance absent the alleged act of [the employee]. Without that, there would have been no actionable negligence. It was the attack which served to attach legal consequences to defendant's alleged negligence. Congress could easily have excepted claims *for* assault. It did not; it used the broader language excepting claims *arising out of* assault. It is plain that the claim arose only because of the assault and battery, and equally plain that it is a claim arising out of the assault and battery. This being so, the United States has not waived its immunity as respects this claim."

259 F.Supp. at 364 (emphasis in original).

The state's strongest authority comes from *Duenges v. United States,* 114 F.Supp.

751 (S.D.N.Y.1953), in which the plaintiff had been arrested and imprisoned for desertion from the army when, in fact, he had been honorably discharged. Plaintiff's complaint, like Zerbe's, alleged that the government had negligently maintained its records, resulting in injuries to the plaintiff including loss of freedom, humiliation, fear, embarrassment, mental anguish, and loss of earnings. In granting the government's motion to dismiss, the court stated that

> ". . . the Government's negligence could become an actionable wrong only upon the event of resulting injury. The injuries alleged derive from a false arrest and imprisonment. In an action of negligence ' "damage is of the very gist and essence of the plaintiff's cause." ' *Schmidt v. Merchants Despatch Transp. Co.,* 270 N.Y. 287, 300, 200 N.E. 824, 827, 104 A.L.R. 450. Here, false arrest and imprisonment are of the very gist and essence of the plaintiff's cause. Section 2680(h) of 28 U.S.C. specifically excludes from the provisions of the Federal Tort Claims Act claims 'arising out of * *. false imprisonment [and] false arrest * * *.' This suit arises out of false imprisonment and false arrest within the meaning of that section, and consequently, it does not come within the scope of the Act."

114 F.Supp. at 752.

It should be noted that all three of these cases were disposed of in short opinions without any detailed analysis or discussion of policy considerations. Some of the other federal cases cited in support of the state's position are reasoned in greater depth, yet they appear to be distinguishable on their facts from the case at bar.[4]

Although the federal cases barring recovery under § 2680(h) are in the numerical majority, a number of federal courts have

---

4. *E. g., United States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); *Lambertson v. United States,* 528 F.2d 441 (2d Cir. 1976), *cert. denied,* 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976); *Blitz v. Boog,* 328 F.2d 596 (2d Cir. 1964), *cert. denied,* 379 U.S. 855,

85 S.Ct. 106, 13 L.Ed.2d 58 (1964); *Klein v. United States,* 268 F.2d 63 (2d Cir. 1959) (per curiam); *Pennington v. United States,* 406 F.Supp. 850 (E.D.N.Y.1976); *Coffey v. United States,* 387 F.Supp. 539 (D.Conn.1975).

held for the plaintiff in situations similar to Zerbe's. We find this line of cases to be the better reasoned.

*Gibson v. United States*, 457 F.2d 1391 (3d Cir. 1972), involved a Job Corps instructor who was attacked by a Job Corps trainee. The complaint alleged that the government was negligent in failing to exercise due care for the safety of the instructors. The trial court dismissed, holding that plaintiff's cause of action arose out of an assault and battery, and was, therefore, barred by § 2680(h). The Third Circuit reversed, stating that

> ". . . the attack upon Gibson was a foreseeable consequence of the Government's failure to exercise due care *under the circumstances* and, therefore, it *is not such an intervening act as will sever the necessary causal relation between the negligence and the appellant's injuries.*"

457 F.2d at 1395 (emphasis in the original). Using a proximate cause analysis, the Third Circuit found that the attack was not an independent intervening force which would relieve the government of liability. Rather, an attack on an instructor was the very risk which the government had a duty to anticipate and prevent. The Third Circuit further found that the legislative intent behind the Federal Tort Claims Act was to exclude only intentional assaults:

> "Does the injury sustained by Gibson arise out of an assault and battery? Assault and battery by definition are intentional acts. Intention is the very essence of the tortious act. Congress intended to exclude liability for injuries caused by intentional misconduct and not for negligence."

457 F.2d at 1395–96 (footnotes omitted).

A similar approach was used by the Fourth Circuit in *Rogers v. United States*, 397 F.2d 12 (4th Cir. 1968). Rogers, a teenager, was granted probation, but was unable to return to his hometown until the next day owing to the local bus schedule. The federal marshal gave Rogers the choice between spending the night in jail or with a friend. Rogers told the marshal that he had met Henry Brabham at the jail, and that Brabham had offered him a place to stay. Without making any inquiries as to the suitability of this arrangement, the marshal allowed Rogers to go with Brabham. Brabham turned out to be a sadist who brutally tortured Rogers, as a result of which Rogers suffered permanent injuries. Rogers sued the government on the theory that the marshal was negligent in letting him spend the night with Brabham. The trial court dismissed Rogers' complaint under § 2680(h), but the Fourth Circuit reversed, finding that § 2680(h) was inapplicable: "[i]f there is a valid claim here, it is founded on negligence even though assault or false imprisonment may be collaterally involved." 397 F.2d at 15.

*Lane v. United States*, 225 F.Supp. 850 (E.D.Va.1964), involved medical malpractice which was also a technical battery. A government surgeon had mistakenly operated on plaintiff's right knee without plaintiff's knowledge and consent, instead of on the injured left knee. The government's defense was that an unconsented-to operation on the wrong knee was a technical battery, and that suit was therefore barred by § 2680(h). The court found that the surgeon's negligence "did not lose its identity merely because the ultimate injury was the combined result of negligence and a 'technical' assault and battery." 225 F.Supp. at 852.[5]

The most persuasive authority in support of plaintiff's position comes from *Quinones v. United States*, 492 F.2d 1269 (3d Cir. 1974). Quinones alleged that the government's failure to use due care in maintaining his personnel records had resulted in damage to his reputation. The district court dismissed the complaint because defamation was excluded from the Federal Tort Claims Act by § 2680(h). The Third Circuit reversed, finding that although the resulting harm was defamation, the plaintiff's

---

**5.** *Accord,* on similar facts, *Hulver v. United States,* 393 F.Supp. 749 (W.D.Mo.1975). *Contra, Moos v. United States,* 225 F.2d 705 (8th Cir. 1955), a medical malpractice battery case in which the court denied recovery under § 2680(h).

cause of action sounded in negligence. The court distinguished the two torts by showing that defamation requires malice, whereas negligence merely requires duty, breach, proximate and actual cause, and damage. The court stated that one civil remedy does not preempt another, and added that "[i]t is not the publication of the incorrect employment history and record that serves as the foundation of plaintiff's complaint; it is the method in which the defendant maintained the record of his employment that is being criticized." 492 F.2d at 1276.

We adopt the reasoning of the Third Circuit in the *Quinones* case, and hold that it was negligent record keeping, rather than false imprisonment, which caused Zerbe's injuries. Zerbe's suit is therefore not barred by the false imprisonment exception to Alaska's government claims statute, but instead ought to have been treated in the same manner as any other negligence case against the state.[6]

Today, when various branches of government collect and keep copious records concerning numerous aspects of the lives of ordinary citizens, we are unwilling to deny recourse to those hapless people whose lives are disrupted because of careless record keeping or poorly programmed computers. We see no justification for immunizing the government from the damaging consequences of its clerical employees' failure to exercise due care.[7]

REVERSED and REMANDED.

---

**6.** This holding is consistent with previous decisions in which we have narrowly construed other exceptions to Alaska's government claims statute; *e. g., State v. Abbott,* 498 P.2d 712 (Alaska 1972) (narrowly construing AS 09.-50.250(1), the discretionary state function exception); *State v. Stanley,* 506 P.2d 1284, 1291 (Alaska 1973) (negligence on the part of government employees "does not rise to the 'level of governmental policy decisions' to which the discretionary function immunity from suit applies.") *See also* Professor Van Alstyne's commentary in *California Government Tort Liability Supplement* § 5.63, at 24–25 (C.E.B.1967), quoted in *Sullivan v. County of Los Angeles,* 12 Cal.3d 710, 117 Cal.Rptr. 241, 527 P.2d 865, 872 (1974).

**7.** We express no opinion on the question of whether the state should be protected from suits arising out of mistakes made by law enforcement officers in pursuit of their official duties.