Senovia T. HERNANDEZ, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 75–50–C5.

United States District Court, D. Kansas.

Feb. 14, 1979.

Senovia L. Hernandez, pro se.

James Buchele, U. S. Atty., Mary Briscoe, Asst. U. S. Atty., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a Federal Tort Claims Act case brought pursuant to 28 U.S.C. §§ 1346 and 2671 *et seq.* Plaintiff alleges that he was subjected to unconsented surgery at the Veterans Administration Hospital in Topeka, Kansas. The surgery was minor in nature, consisting of the removal of a small mass from plaintiff's left breast. Plaintiff's original complaint alleged that the defendant's agents were "guilty of professional negligence, assault, battery and trespass against the person of the claimant." As noted, plaintiff does not complain of the manner in which the surgery was performed, but of the fact that he did not consent to it.

By Order of January 26, 1976, this Court denied a motion to dismiss in which defendant contended that this action is barred by the assault and battery exception to the waiver of sovereign immunity contained in 28 U.S.C. § 2680(h). 28 U.S.C. § 2680(h) states that the limited waiver of sovereign immunity contained in the Federal Tort Claims Act (F.T.C.A.) shall not apply to:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contractual rights.

It was recognized that a plaintiff cannot escape a § 2680(h) exception merely by labeling a cause of action as something which it is not. *United States v. Faneca*, 332 F.2d 872 (5th Cir. 1964) (student fired on by a group of marshals could not avoid assault and battery exception by labeling cause "negligence"); *Klein v. United States*, 268 F.2d 63 (2d Cir. 1959) (person illegally searched and detained could not escape assault and battery, false arrest, and false imprisonment exceptions by labeling cause "negligence"); and *Alaniz v. United States*, 257 F.2d 108 (10th Cir. 1958) (person shot by policeman without provocation could not escape assault and battery exception by pleading "negligence"). However, we concluded that upon the scanty pleadings and record before us at that time, we could not say that assault and battery was the sole genuine claim which plaintiff could assert. In denying defendant's motion to dismiss, we invited a summary judgment motion upon proper development of the record.

This action now comes before the Court first upon defendant's motion for summary judgment. The record before the Court consists of two depositions of the plaintiff, the deposition of plaintiff's primary witness, and the depositions of the two doctors who allegedly operated on plaintiff without his consent. The Court deems the record adequate for resolution of the summary judgment motion. We are mindful that summary judgment is to be denied unless the moving party demonstrates entitlement to it beyond a reasonable doubt. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027, 1037 (10th Cir. 1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33, 36 (10th Cir. 1975). Further, the Court must examine all the evidence in the light most favorable to the party opposing the motion. *Mogle v. Sevier County School Dist.*, 540 F.2d 478, 482 (10th Cir. 1976), *cert. denied*, 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 572 (1977); *Frey v. Frankel*, 361 F.2d 437, 442 (10th Cir. 1966).

Defendant's summary judgment motion makes two basic arguments. First, it is contended that the record shows that plaintiff's actions constituted "implied consent." The Court concurs. There is no doubt from the depositions that plaintiff knew he was going to be operated on. He was so told by Dr. Cenni. He was placed in hospital "pajamas". He was taken to the surgical clinic. More importantly, only a local anaesthetic was applied. Plaintiff was fully awake throughout the operation and could see what was going on. He could have objected to the procedure at any time, but failed to do so. Plaintiff's testimony that he was "afraid" to object is simply not credible in light of the many objections which he did voice earlier. Plaintiff was a competent adult who was fully awake at all times. He could have objected to the procedure. He did not. He cannot now claim that he did not consent to the operation simply because the routine procedure of obtaining a written consent was somehow overlooked. Summary judgment could be granted on this ground alone, but defendant offers a second argument.

The second basis for summary judgment is defendant's reassertion of the assault and battery exception to the F.T. C.A. Although there appears to be some unresolved dispute as to whether the § 2680(h) exceptions are to be interpreted in light of federal or state law [*compare Ramirez v. United States*, 567 F.2d 854, 856 (9th Cir. 1977) with *Moffitt v. United States*, 430 F.Supp. 34, 37 (E.D.Tenn.1976)], it is clear that under either an unconsented surgery is normally considered to be an assault and battery. Kelly, *The Physician, the Patient, and the Consent*, 8 K.L.R. 405 (1960); 61 Am.Jur.2d *Physicians, Surgeons, Etc.*, § 155 at 283 (1972). A reading of plaintiff's depositions makes it quite clear that what plaintiff claims and seeks to prove is that Drs. Cenni and Pellegrini operated on plaintiff despite being clearly told that plaintiff did not want them to do so. If the Court believed the doctors' testimony, it would find that plaintiff's claim of unauthorized surgery is barred by his consent. If the Court ignored the clear evidence of implied consent and believed plaintiff's testimony, it must find this action

barred by the assault and battery exception of § 2680(h).

In his brief in opposition to the motion for summary judgment, plaintiff attempts to bring this action within the "informed consent" doctrine, citing *Natanson v. Kline*, 187 Kan. 186, 354 P.2d 670 (1960) and *Funke v. Fieldman*, 212 Kan. 524, 512 P.2d 539 (1973). In *Natanson v. Kline, supra*, the Kansas Supreme Court rendered a landmark decision by holding that a physician's liability for failing to inform the patient of the risks or alternatives to a proposed medical treatment should be grounded in negligence law rather than battery. As pointed out in Note, *The Evolution of the Doctrine of Informed Consent*, 12 Ga.L.Rev. 581, 581–582 (1978):

> A cause of action for *battery* is stated where the patient alleges either that he did not consent to the treatment rendered or that his consent was ineffective because the physician did not inform him of what would be done to him in the course of the treatment. Where, however, the patient alleges that his consent was vitiated by the doctor's failure to disclose to him the risks of the proposed procedure of the available alternatives, his cause of action is in *negligence*, not battery. (emphasis supplied)

The record in this case clearly discloses that plaintiff claims that he did not consent to the treatment rendered. Therefore, his claim is battery. He cannot bring this claim within the "informed consent" line of cases, for he does not claim that he consented, but his consent was vitiated by inadequate disclosure.

In our order denying defendant's earlier motion to dismiss, we cited certain cases involving assault and battery defenses in F.T.C.A. medical malpractice cases as indicating the possibility that plaintiff might be able to evade the bar of § 2680(h). Now that the record is fully developed, it is clear that these cases do not aid plaintiff.

In *Moos v. United States*, 225 F.2d 705 (8th Cir. 1955), the court held that the assault and battery exception of § 2680(h) barred a plaintiff's claim after a surgeon had mistakenly operated on plaintiff's right leg when the surgery was planned for plaintiff's left leg. The *Moos* decision is obviously unfavorable to plaintiff. In an identical factual situation, in *Lane v. United States*, 225 F.Supp. 850 (E.D.Va.1964), the court took an opposite view holding that the mistake of operating on the wrong knee constituted at most a "technical" battery and was, in essence, mere negligence which was actionable under the F.T.C.A. The *Lane* view is generally recognized as the more reasonable approach. But our case (accepting plaintiff's testimony) involves more than a "technical" battery. This case, unlike *Lane*, involves an "intentional wrong" which elevates the status of the doctors' acts to the level of a full-blown battery.

In *Fontenelle v. United States*, 327 F.Supp. 801 (S.D.N.Y.1971), the court rejected *Moos* in favor of *Lane*, concluding that an intentional wrongful act on the part of the doctors was requisite to application of the assault and battery exception. *Fontenelle* does not aid plaintiff, for it was an "informed consent" case which, for reasons discussed above, is not relevant here.

Finally, in *Hulver v. United States*, 393 F.Supp. 749 (W.D.Mo.1975), the court faced a situation in which a doctor had operated on a spot which plaintiff testified he had told the doctor not to touch. The doctor testified that he would never operate on an area of the body which the patient told him not to touch. This left open the possibility that the doctor might have *negligently* operated on an area which he did not intend to touch. Therefore, summary judgment on the grounds of the assault and battery exception was denied. [*But see Hulver v. United States*, 562 F.2d 1132, 1136 n. 2 (8th Cir. 1977)] Plaintiff's testimony can only be construed as claiming that Drs. Cenni and Pellegrini intentionally operated on him after he told them not to. Plaintiff claims a wrongful intent, not a negligent surgical foray. Therefore, *Hulver* does not assist plaintiff.

For the reason discussed above, we conclude that defendant's motion for summary judgment must be granted.

██ Also pending in this action is defendant's motion to dismiss. This motion presents an independent basis for disposition of this action. We believe the motion, based upon lack of prosecution, should be granted.

The record shows that the wrongful surgery occurred in early April, 1974. This action was filed on March 20, 1975, almost four years ago. Since that time plaintiff has been represented by four different attorneys. He is presently unrepresented.

On March 14, 1977, plaintiff's third attorney withdrew as plaintiff's representative. On July 25, 1977, plaintiff had not secured substitute counsel, and a scheduled pretrial conference was postponed "for the exclusive reason to allow plaintiff to seek counsel." On July 29, 1977, the defendant filed a motion to dismiss for want of prosecution. Plaintiff's fourth attorney entered his appearance on August 22, 1977. In an abundance of caution, the Court overruled the motion to dismiss for lack of prosecution.

At a pretrial conference held on June 19, 1978 [order filed August 11, 1978], certain deadlines were established. Witness and exhibit lists were to be filed by July 7, 1978. Each party was to file, prior to July 31, 1978, a summary of anticipated testimony, a trial brief, and proposed findings of fact and conclusions of law. Defendant complied with these deadlines. Plaintiff has yet to comply.

Defendant filed the pending motion to dismiss for lack of prosecution on September 22, 1978. Defendant's fourth counsel withdrew on November 9, 1978. By order of November 9, 1978, this Court noted the pending motions, and stated that "plaintiff should act with dispatch to secure another attorney." Yet, when plaintiff appeared at the hearing on these motions on February 8, 1979, he had not yet secured counsel and requested ninety more days in which to do so.

The Court finds that plaintiff personally, and plaintiff's attorneys, chosen by plaintiff to represent him, have caused the delay which has given this case a chance to attain its fourth birthday. Both plaintiff and defendant's counsel have stated on the record that as this case gets older, witnesses are dying, moving away, and forgetting the details of the event in question, which occurred almost five years ago.

It is clear that dismissal does not unfairly punish plaintiff for the acts of his counsel. By terminating four counsel, plaintiff himself has accounted for much of the delay in this case. Twice, plaintiff has appeared at hearings asking for delays so that he could obtain counsel, even though he had known for two or three months that he was unrepresented. Further, plaintiff has voluntarily selected the attorneys of whose conduct he now complains by alleging that they are part of a "conspiracy" against him. Plaintiff cannot, by broad allegations of conspiracy, avoid the consequences of his attorneys' conduct. As the Supreme Court stated in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962):

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

This dismissal does not come without warning. *Kenney v. California Tanker Co.*, 381 F.2d 775, 778 (3d Cir. 1967), *cert. denied*, 390 U.S. 904, 88 S.Ct. 817, 19 L.Ed.2d 870 (1968). It comes at a time when the case, almost four years old, shows no sign of moving closer to trial in the near future. The granting of this motion is within the Court's discretion. *Link v. Wabash, supra.* Under the case law, the Court concludes that defendant's motion to dismiss must be granted. 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2370 (1971);

5 J. Moore, Federal Practice ¶ 41.11[2] (1978).

We conclude that defendant's motion to dismiss, as well as defendant's motion for summary judgment must be granted.

IT IS ORDERED that the clerk be directed to enter judgment for defendant in this action.